IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01678-BNB

TYREE NEAL,

    Applicant,

v.

WARDEN, FCI-Florence,

    Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 07 2009

GREGORY C. LANGHAM
CLERK

ORDER TRANSFERRING CASE

Applicant is a prisoner in the custody of the United States Bureau of Prisons at the Federal Correctional Institution at Florence, Colorado ("FCI-Florence"). Applicant initiated this action by filing *pro se* in the United States District Court for the Eastern District of Virginia, Norfolk Division, a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Applicant is challenging a prison disciplinary conviction that occurred during his incarceration at the Federal Correctional Center in Petersburg, Virginia ("FCC-Petersburg"). At the time he filed this action, Applicant was incarcerated at FCC-Petersburg and he named as Respondent the warden of FCC-Petersburg. On June 11, 2009, Magistrate Judge F. Bradford Stillman in the Eastern District of Virginia issued a report and recommendation with respect to Applicant's habeas corpus petition. Magistrate Judge Stillman substituted the warden of FCI-Florence as the named Respondent because Applicant had been transferred to FCI-Florence, and he recommended that the action be transferred to the District of Colorado pursuant to 28

U.S.C. § 1631 because the Eastern District of Virginia does not have personal jurisdiction over the newly-substituted Respondent. On July 13, 2009, District Judge Jerome B. Friedman in the Eastern District of Virginia entered an order adopting the recommendation and transferring this action to the District of Colorado. For the reasons stated below, the action will be transferred back to the Eastern District of Virginia.

As noted above, the Eastern District of Virginia transferred this action to this Court pursuant to 28 U.S.C. § 1631. In relevant part, that statute provides as follows:

> Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed.

28 U.S.C. § 1631. Thus, prior to transferring an action under § 1631, the district court seeking to transfer an action must ascertain that the proposed transferee court is one in which the action could have been brought at the time it was filed. *See Viernow v. Euripides Dev. Corp.*, 157 F.3d 785, 794 n.16 (10th Cir. 1998).

Applicant was incarcerated in a federal prison in Virginia when he filed this habeas corpus action pursuant to 28 U.S.C. § 2241. "It is well established that jurisdiction attaches on the initial filing for habeas corpus relief, and it is not destroyed by a transfer of the petitioner and the accompanying custodial change." *Santillanes v. U.S. Parole Comm'n*, 754 F.2d 887, 888 (10th Cir. 1985). Furthermore, because a petition pursuant to § 2241 must be filed in the district in which the prisoner is confined, *see Howard v. Bureau of Prisons*, 487 F.3d 808, 811 (10th Cir. 2007), the District of

Colorado is not a "court in which the action . . . could have been brought at the time it was filed," 28 U.S.C. § 1631. Therefore, the decision to transfer this action to this Court pursuant to § 1631 was clearly erroneous and the case will be transferred back to the Eastern District of Virginia. The Court recognizes the Supreme Court's admonition to respect the law of the case regarding jurisdiction and to avoid jurisdictional ping-pong. *See Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 818-19 (1988). However, because the decision to transfer this case to this Court was clearly erroneous, the Court finds that a re-transfer is appropriate. *See id.* at 819. Accordingly, it is

ORDERED that the clerk of the Court transfer this action back to the United States District Court for the Eastern District of Virginia, Norfolk Division.

DATED at Denver, Colorado, this 7 day of Aug., 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-01678-BNB

Tyree Neal
Reg. No. 05534-025
FCI – Florence
PO Box 6000
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 8/7/09

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk